# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| UNITED STATES STEEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 14-00261 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff United States Steel Corporation, by and through its attorneys, alleges and states as follows:

## JURISDICTION

1.      Plaintiff brings this action to contest certain aspects of the final antidumping duty determination issued by the International Trade Administration of the U.S. Department of Commerce ("Commerce") in Certain Oil Country Tubular Goods from Taiwan, 79 Fed. Reg. 41979 (Dep't Commerce July 18, 2014) (final determ.) ("Final Determination"), as amended by Certain Oil Country Tubular Goods from Taiwan, 79 Fed. Reg. 46403 (Dep't Commerce Aug. 8, 2014) (amended final determ.) ("Amended Final Determination"), and the ensuing antidumping order. See Certain Oil Country Tubular Goods from Taiwan, 79 Fed. Reg. 53691 (Dep't Commerce Sept. 10, 2014) (antidumping duty order) ("AD Order").

2.      This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

3.     Plaintiff is a domestic manufacturer of oil country tubular goods ("OCTG") and is therefore an interested party within the meaning of 19 U.S.C. §§ 1677(9)(C) and 1516a(f)(3) and 28 U.S.C. § 2631(k)(1).

4.     Plaintiff was a petitioner and actively participated in the antidumping duty investigation that gave rise to the contested determination. Plaintiff was therefore a "party to the proceeding" and is entitled to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5.     Commerce  published notice of the contested final determination on July 18, 2014 and the amended final determination on August 8, 2014. See Final Determination and Amended Final Determination. Commerce published the antidumping duty order on September 10, 2014. See AD Order. The summons in this case was filed on October 10, 2014. Accordingly, this action was commenced within the period specified in 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i). This complaint is being filed within 30 days of the filing of the summons in this action and is therefore timely under the statutorily prescribed time limits set forth in 19 U.S.C. § 1516a(a)(2)(A).

## PROCEDURAL HISTORY

6.     On July 29, 2013, Commerce initiated an antidumping duty investigation of OCTG from Taiwan. See  Certain Oil Country Tubular Goods from Taiwan, 78 Fed. Reg. 45505 (Dep't Commerce July 29, 2013) (notice of initiation). The period of investigation ("POI") was from July 1, 2012 through June 30, 2013. See id. Chung Hung Steel Corp. ("Chung Hung") and

Tension Steel Industries Co., Ltd. ("Tension Steel") were selected as mandatory respondents in the investigation.

7.     On February 25, 2014, Commerce published its preliminary determination in the investigation. See Certain Oil Country Tubular Goods from Taiwan, 79 Fed. Reg. 10495 (Dep't Commerce Feb. 25, 2014) (prelim. determ.).

8.     On July 18, 2014, Commerce published its final determination in the investigation, calculating dumping margins of 0.00 percent for Chung Hung and 2.52 percent for Tension Steel. See Final Determination, 79 Fed. Reg. at 41981.  On August 8, 2014, Commerce published an amended final determination, calculating a revised dumping margin of 2.34 percent for Tension Steel.  See Amended Final Determination.

9.     During the POI, Tension Steel had a close supplier relationship with its primary supplier of hot-rolled steel coil ("Company A") due to its reliance on Company A for the major input required to produce OCTG and its participation in a rebate program for OCTG customers operated at Company A's discretion.  In addition, one of Company A's subsidiaries ("Company B") is an OCTG producer.  Despite the existence of these relationships, Commerce found in the final determination that Tension Steel was not affiliated with Company A.  Consequently, Commerce did not collapse Tension Steel with Company B in conducting its dumping margin calculations.  See Issues and Decision Memorandum in the Final Determination at Comments 1 and 2.

10.     In addition, in the investigation, Tension Steel reported rebates for certain sales to U.S. and Canadian customers.  The information provided by Tension Steel regarding its claimed rebates was incomplete, contradictory, and unreliable.  Many of the purported rebates were not

documented at all in sales contracts. In the final determination, however, Commerce allowed a price adjustment for a portion of the rebates claimed by Tension Steel. See id. at Comment 3.

11.    In the final determination with respect to Chung Hung, Commerce used the shipment date reported by the company as the date of sale for all sales instead of using the invoice date. See id. at Comment 4. Commerce also applied an offset for non-prime OCTG to Chung Hung's costs of production despite the fact that Chung Hung's reported costs already accounted for this offset. See id. at Comment 5.

12.    During the POI, Chung Hung did not receive a full refund of the value added tax ("VAT") it paid for the production of OCTG that was eventually exported. In the final determination, however, Commerce excluded all of Chung Hung's VAT expenses from the company's costs of production when calculating the dumping margin, including VAT that was not refunded. See id. at Comment 7.

13.    Commerce published an antidumping duty order on OCTG from Taiwan on September 10, 2014. See AD Order.

## STATEMENT OF CLAIMS

### Claim One

14.    Paragraphs 1 – 13  are hereby incorporated by reference.

15.    Commerce erred in finding that Tension Steel is not affiliated with Company A. Commerce's determination that Tension Steel is not affiliated with Company A is not supported by substantial evidence and is otherwise not in accordance with law.

### Claim Two

16.    Paragraphs 1 – 15 are hereby incorporated by reference.

17.    Commerce improperly failed to collapse Tension Steel with Company B. Commerce's decision not to collapse Tension Steel with Company B is not supported by substantial evidence and is otherwise not in accordance with law.

### Claim Three

18.    Paragraphs 1 – 17 are hereby incorporated by reference.

19.    Commerce improperly granted a price adjustment for a portion of the rebates claimed by Tension Steel. The decision by Commerce not to disallow all of Tension Steel's rebates is not supported by substantial evidence and is otherwise not in accordance with law.

### Claim Four

20.    Paragraphs 1 – 19 are hereby incorporated by reference.

21.    Commerce erroneously relied on Chung Hung's shipment date instead of the invoice date as the date of sale in the final determination. Commerce's use of Chung Hung's shipment date instead of its invoice date as the date of sale is not supported by substantial evidence and is otherwise not in accordance with law.

### Claim Five

22.    Paragraphs 1 – 21 are hereby incorporated by reference.

23.    Commerce erred in applying an offset for non-prime OCTG to Chung Hung's costs of production. Commerce's decision to adjust Chung Hung's costs using an offset for non-prime OCTG is not supported by substantial evidence and is otherwise not in accordance with law.

### Claim Six

24.    Paragraphs 1 – 23 are hereby incorporated by reference.

5

25.    Commerce improperly excluded VAT that was not refunded to Chung Hung from the company's costs of production.  The decision by Commerce to exclude the portion of the VAT that was not refunded to Chung Hung is not supported by substantial evidence and is otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Hold that the portions of Commerce's final determination and amended final determination that are complained of above are not supported by substantial evidence and are otherwise not in accordance with law;

2.    Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

3.    Provide such further relief as this Court deems just and proper.

Respectfully submitted,

Robert E. Lighthizer
Jeffrey D. Gerrish
Jamieson L. Greer
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

On behalf of Plaintiff
United States Steel Corporation

Dated: November 10, 2014

6

1331685.03-WASSR01A - MSW

## US COURT OF INTERNATIONAL TRADE

### United States Steel Corporation v. United States

#### Court No. 14-00261

### PUBLIC CERTIFICATE OF SERVICE

I hereby certify that the foregoing submission was served on this 10<u>th</u> day of <u>November</u>, <u>2014</u>, by certified mail, return receipt requested, on the domestic parties and by Federal Express delivery on the international parties listed below:

Donald B. Cameron, Esq.
**MORRIS, MANNING & MARTIN LLP**
1401 I Street, N.W.
Suite 600
Washington, D.C. 20005

*On behalf of SB International, Inc.*

Roger B. Schagrin, Esq.
**SCHAGRIN ASSOCIATES**
900 7th Street, N.W.
Suite 500
Washington, D.C. 20001

*On behalf of Boomerang Tube, Energex Tube, a division of JMC Steel Group, Northwest Pipe Company, Tejas Tubular Products, TMK IPSCO, Vallourec Star, L.P., and Welded Tube USA Inc.*

LunFan Lin
**WU & PARTNERS, ATTORNEYS-AT-LAW**
10/F, 214 Tun Hwa North Road
Taipei, Taiwan 105

*On behalf of Chung Hung Steel Corp.*

Alan H. Price, Esq.
**WILEY REIN LLP**
1776 K Street, N.W.
Washington, D.C. 20006

*On behalf of Maverick Tube Corporation*

Edmund W. Sim, Esq.
**APPLETON LUFF PTE., LTD.**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036

*On behalf of Tension Steel Industries Co., Ltd.*

The Honorable Secretary of Commerce
c/o General Counsel
**U.S. DEPARTMENT OF COMMERCE**
Herbert C. Hoover Building
14th Street and Constitution Avenue, N.W.
Mail Stop 5875 HCHB
Washington, D.C. 20230

Attorney General of the United States
c/o Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. DEPARTMENT OF JUSTICE**
Room 346
26 Federal Plaza
New York, NY 10278

L. Misha Preheim
Senior Trial Counsel
Civil Division
Commercial Litigation Branch
**U.S. DEPARTMENT OF JUSTICE**
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: Jade Yoo
Legal Assistant